UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | CRIM. NO 3:06-CR-21 (EBB) |
| v : | |
| : | |
| DAMON HILL : | |

## RULING ON MOTION FOR REDUCED SENTENCE UNDER THE FAIR SENTENCING ACT

On September 19, 2006, this Court sentenced the defendant, Damon Hill ("Hill"), to the statutorily required mandatory minimum 120 months' imprisonment after he pleaded guilty to conspiracy to possess with intent to distribute and to distribute fifty grams or more of cocaine base ("crack") in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A). Hill now seeks relief under the Fair Sentencing Act of 2010, Pub.L. No. 111-220, 124 Stat 2372 (2010) ("FSA") which, effective August 3, 2010, substantially increased the threshold quantities of crack cocaine required to trigger the mandatory minimum penalties set forth in 21 U.S.C. § 841(b).

Because Hill was sentenced to the mandatory minimum penalty that was in effect in 2006, and because Congress did not make the FSA's reduced mandatory minimum penalties retroactive, Hill's motion [doc. #595] is DENIED.[1]

### BACKGROUND

On May 10, 2006, Hill pleaded guilty to one count of an indictment charging him with

---

[1] Previously, in 2008, Hill filed a § 3582(c) motion for sentence reduction based on Amendment 706 to the U.S. Sentencing Guidelines, which retroactively lowered the base offense levels applicable to crack cocaine offenses. The Court found him ineligible because he had received the statutory 120-month mandatory minimum sentence and Amendment 706 had no effect on the statutory minimum penalties. The Second Circuit affirmed the Court's ruling.

conspiracy to possess with intent to distribute and to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A). As explained in his written plea agreement, the offense to which he pleaded guilty carried a maximum penalty of life imprisonment, a mandatory minimum of ten years' (120 months) imprisonment, a maximum fine of $4,000,000 and a term of supervised release of at least five years. In the plea agreement, Hill and the government stipulated, *inter alia*, that the drug quantity attributed to Hill was at least 50 grams, but less than 150 grams of cocaine base, and that quantity would result in a base offense level of 32 under the guideline's drug quantity tables.

Hill's Presentence Report ("PSR"), which substantially adopted the stipulations in Hill's plea agreement, calculated his base offense level at 32. That level was reduced by two levels for acceptance of responsibility and by one level for his timely notification of intent to enter a guilty plea. The PSR also computed a criminal history category of III in light of Hill's six criminal-history points. The PSR acknowledged that the government and Hill recognized that a one-level criminal history upward departure would be appropriate in light of his eight criminal convictions that were not counted in his criminal history calculation. Based on the PSR's calculations, his guideline sentencing range was 121 to 151 months. The PSR also noted that Hill was subject to the 120-month mandatory minimum sentence.

At sentencing on September 19, 2006, the Court concluded that Hill's advisory guideline range was 120 to 151 months and imposed the statutory mandatory minimum penalty of 120-months' imprisonment in accordance with the provisions of 21 U.S.C. § 841(b)(1) that were then in effect.

DISCUSSION

As noted, the FSA amended 21 U.S.C. § 841(b)(1)(B) by reducing the ratio between powder and crack cocaine that subjected a defendant to a mandatory minimum terms of imprisonment. The ratio, which had been 100:1 (500 grams of powder/5 grams of crack) was reduced to 18:1 (200 grams of powder/28 grams of crack). In so doing, the FSA effectively increased the quantities of crack cocaine that would trigger the mandatory minimum five-year (60 month) sentence from 5 grams to 28 grams and the ten-year (120 month) mandatory minimum sentence from 50 grams to 280 grams. Significantly, the FSA contained no express statement that it was intended to have retroactive effect and no such intent has been inferred from its language. United States v. Diaz, 627 F.3d 930, 931 (2d Cir. 2010) (per curiam). Thus, the FSA cannot be applied retroactively to defendants who were sentenced before it was enacted. Id. Rather, the FSA's new penalty provisions only govern sentences imposed after August 3, 2010, the date when the FSA was signed into law. Hill was sentenced to the statutory mandatory minimum penalty on September 19, 2006, almost four years before the FSA went into effect.

Hill is also not entitled to a reduced sentence based on Amendment 750 to the U.S. Sentencing Guidelines which, effective November 1, 2011, made, *inter alia*, retroactive changes to the sentencing guideline's drug quantity tables for crack cocaine offenses to implement the FSA's changes to the mandatory minimum sentences. However, a sentence reduction under Amendment 750 is only authorized if it would have the effect of lowering a defendant's applicable guideline range. 18 U.S.C. § 3582(c)(2). But, when a crack-cocaine offender is sentenced to a mandatory minimum term of imprisonment, his sentence is not based on a sentencing range that has been subsequently lowered by a guideline amendment. United States v.

Williams, 551 F.3d 182, 185 (2d Cir. 2009) (denying motion for sentence modification where sentence was based on a mandatory minimum pursuant to 21 U.S.C. § 841(b)(1)); see also United States v. Torres, 391 F. Appx 903, 905 (2d Cir. 2010) (denying motion under § 3582(c) where defendant had been sentenced to a mandatory minimum, notwithstanding a retroactive amendment to the sentencing guidelines for crack cocaine offenses).

Thus, even if Amendment 750 had the effect of lowering Hill's base offense level, this Court does not have the authority to reduce his sentence to a term that is less than the statutory mandatory minimum that applied at the time he was originally sentenced. See U.S.S.G. § 1B1.10(b)(2)(A).

The FSA only gave the United States Sentencing Commission authority to amend the guidelines to implement the FSA's changes to the powder-to-crack ratio and the mandatory minimum penalties. Pursuant to that Congressional authority, the Sentencing Commission promulgated Amendment 750's changes to the drug quantity tables in U.S.S.G. § 2D1.1. But Amendment 750 only affects the guideline changes. Amendment 750 has no effect whatsoever on the retroactivity of the FSA's changes to the mandatory minimum penalties. Only Congress can make the FSA's new mandatory minimum penalties retroactive and Congress did not do so. United States v. Diaz, 627 F.3d 930, 931 (2d Cir. 2010) (per curium) (holding that the FSA's changes to the mandatory minimum penalties are not retroactive); United States v. Glover, 398 F. Appx 677, 680 (2d Cir. 2010) (holding that the mandatory minimum in effect at the time of the crime applies despite the FSA's changes to the mandatory minimum penalties because the FSA does not apply retroactively).

Put another way, Amendment 750 only changed the guideline's drug quantity tables in §

2D1.1 which are used to calculate a defendant's recommended sentencing range. Amendment 750 has no effect at all on the FSA's non-retroactive changes to the quantities of crack cocaine that trigger the statutory mandatory minimum penalties. The retroactive application of Amendment 750 does not give retroactive effect to the FSA itself, including its changes to the statutory mandatory minimums. United States v. Midyett, No. 10-2478-cr, 2011 WL 5903672 (2d Cir. Nov. 28, 2011). Thus, Amendment 750 does not benefit a defendant such as Hill, who received the mandatory minimum sentence that applied when he was originally sentenced in 2006. Id. n.2. Regardless of whether Hill's sentencing range would be lower by virtue of Amendment 750, his statutory mandatory minimum 120-month sentence does not change and is still his guideline sentence. See United States v. Williams, 551 F.3d 182, 185 (2d Cir. 2009) (citing U.S.S.G. § 5G1.1(b)).

Because of the operation of the statutory mandatory minimum penalty that was in effect in 2006, neither the FSA nor Amendment 750 to the sentencing guidelines have the effect of lowering Hill's mandatory minimum sentence of 120 months.

## CONCLUSION

For the foregoing reasons, Hill's motion for a reduction in sentence under the Fair Sentencing Act [doc. #595] is DENIED.

SO ORDERED.

/s/_____
ELLEN BREE BURNS
SENIOR UNITED STATES DISTRICT JUDGE

Dated this 11th day of January, 2012 at New Haven, Connecticut..